UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-533
(3:05-cr-252)

| | |
|---|---|
| GREG KIRK RIDDLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). For the reasons stated below, the motion will be denied and dismissed.

I. PROCEDURAL HISTORY

Petitioner entered a guilty plea to conspiracy to possess with intent to distribute 3,4 methylenedioxymethamphetamine Hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), pursuant to a plea agreement. (Case No. 3:05cr252: Doc. No. 91: Plea Agreement; Doc. No. 99: Acceptance and Entry of Guilty Plea). Petitioner changed retained attorneys shortly before the sentencing hearing. (Id., Doc. No. 119: Motion to Withdraw; Doc. No. 120: Notice of Appearance). The Government filed a motion for a reduced sentence based on substantial assistance pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Id., Doc. No. 118). Accordingly, the Court sentenced Petitioner within the recommended reduced guideline range to 175 months' imprisonment and entered the Judgment on December 19, 2006. (Id., Doc. No.

136). Petitioner did not appeal his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.

On October 23, 2007, Petitioner wrote to the Court expressing frustration that his former attorney had not provided documents he requested. (Id., Doc. No. 154). On or about November 27, 2007, the attorney who represented Petitioner at sentencing sent him copies of the Indictment, Plea Agreement, discovery material, and Presentence Report. (Doc. No. 1-1: Memorandum, Exhibit A). Petitioner moved for additional time to file his Motion to Vacate on November 29, 2007, which the Court denied on December 7, 2007. (Case No. 3:05cr252, Doc. No. 156: Motion; Doc. No. 157: Order). Then, on December 17, 2009, Petitioner filed the instant Motion to Vacate. (Doc. No. 1).

In the motion and attached memorandum, Petitioner claims his attorneys were ineffective for: (1) failing to move for a continuance of the sentencing hearing after recently appearing in the case; (2) encouraging him to plead guilty, after which the government allegedly failed to move for a sentence reduction; (3) failing to object to the drug quantity attributed to him; and (4) subpoena police officers to testify at the sentencing hearing regarding his assistance to investigators. Petitioner further alleges that counsel failed to file an appeal when requested to do so.

II. DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, when it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to any relief on his claims, a court must dismiss the motion.

Actions brought under the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), including § 2255 claims, are subject to a one-year limitations period. The statute

Case 3:09-cv-00533-RJC   Document 3   Filed 01/11/12   Page 2 of 6

provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

When there is no direct appeal, a judgment of conviction becomes final ten days after it was entered. Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought). Here, Judgment was entered on December 19, 2006 (Case No. 3:05cr252: Doc. No. 136) and became final on or about January 4, 2007. Fed. R. App. P. 4(b) (then providing for ten-day period to file appeal); Fed. R. App. P. 26(a)(1) (then excluding weekends and holidays for time periods of ten days or fewer). Thus, Petitioner had until January 4, 2008, to file a timely motion. Petitioner did not sign the instant motion until December 14, 2009, almost two years after the statute of limitations had run. (Doc. No. 1).

Following the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (defendant must be warned and given an opportunity to explain why motion should not be considered untimely before sua sponte dismissal based on statute of limitations), new forms were made available in 2003 which included a section calling for an explanation why the statute of

limitations does not bar the motion if the judgment became final over a year ago.  The appellate court has signaled that the new form likely provides sufficient notice in the ordinary case to comply with Hill.  Bilal v. North Carolina, 287 F. App'x 241, 247 (4th Cir. 2008).[1]

Here, Petitioner completed that section of the form in full. (Doc. No. 1 at 11).  Petitioner recognized that his § 2255 motion was outside "the normal one-year time frame," but argued that his "tardiness" was not his fault.  He complained that it took "months and months" for his former attorneys to provide the documents he and his mother requested and that the documents were received when the deadline was "rapidly approaching."  Petitioner claimed that he never received the Court's ruling denying his motion to extend the deadline and requested leave to proceed with his "late" § 2255.  Thus, the Court finds that response establishes that the form provided Petitioner with notice and the opportunity to explain why his motion should not be considered time-barred as required by Hill.

Petitioner's argument amounts to a claim for equitable tolling of the statute of limitations based on the difficulty obtaining a copy of his criminal file.  Such an extraordinary remedy is sparingly granted. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000).  When considering equitable tolling arguments a court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  Consequently, equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it

---

[1] In the circumstances of that case, the court found that the petitioner should have been given an opportunity to clarify his apparent confusion when he answered "n/a" regarding the timeliness issue. Bilal, 287 F. App'x at 249.

would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. In order to be entitled to an equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Here, even assuming that the circumstances presented are extraordinary, Petitioner has not established that they prevented him from filing on time. By his own account, Petitioner received the requested documents in advance of the deadline to file his § 2255 motion. (Doc. No. 1 at 12). Additionally, the claims raised by Petitioner in the motion he eventually filed nearly two years later were based on alleged facts that he knew or should have known without the requested materials. That is, he was aware that he retained new counsel days before the sentencing hearing which occurred as originally scheduled. He knew that his counsel did not object to the drug quantity during the hearing. He knew that he did not receive as large a departure for assistance to the government as he thought he was entitled. Finally, he knew that he requested counsel to file an appeal, if that occurred, and that no appeal was filed. Thus, the Court finds that the late receipt of the documents requested from his previous attorneys did not prevent Petitioner from filing his § 2255 motion on time because each of the claims raised could have been raised without resorting to the documents.

III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge